McKinney, J.,
delivered the opinion of the Court.
This case involves a question in regard to the right of ■succession to the joint estate of William and George Latimer, deceased.
The facts are these : Jacob Latimer died intestate, in the year 1854. He was the owner, at his death, of several tracts of land, and eight slaves, besides other personal property. He left surviving him two children — the complainants— *693 Richard Latimer and Caroline Brinkley ; and two grandchildren, William and George Latimer, who are now dead, as his heirs at law.
In 1855, a petition was presented to the circuit court of Sumner, in the names of all the heirs above named (the two grandchildren being minors,) asking the partition of the real estate, and division of the slaves amongst them in severalty. In said petition it was specifically prayed, that certain definite portions of the lands designated in the petition, should, for reasons therein stated, be set apart and allotted to each of said heirs. Comissioners were appointed, and the lands were partitioned and allotted according to the prayer of the petition. Division was likewise made of the slaves. No exception was taken to the report of the commissioners, either by the adult parties, or the guardian of the minors ; and it was confirmed by the court at the February term, 1856, and a final decree, divesting and vesting title in the several parties, was accordingly entered.
In conforming to the prayer of the petition, the commissioners necessarily made an unequal partition of the lands. The part of the lands allotted to the two minor grandchildren was valued at $626.00, and their share of the slaves at $2470.00. The part of the lands given to Mrs. Brinkley, was estimated at $2670.00, and her share of the slaves at $850.00. The part of the lands given to Richard Latimer was valued at $2000.00, and his share in the slaves at $1100.00.
In 1859, said two grandchildren, William and George Latimer, both died intestate, during their minority, without issue, leaving neither parents, nor brother nor sister, surviving them ; their only surviving heirs and next of kin, being the complainants, Richard Latimer, and Mrs. Brinkley — their paternal uncle and aunt — and the defendant, Mrs. Rogers— their maternal grandmother.
Upon this state of facts, it is clear that the grandmother, as next of kin, succeeds to the personal estate; and it is equally clear that the collateral relations — the paternal uncle *694 and aunt — succeed to the real estate, it having been inherited from the paternal ancestor of the intestates.
This seems-not to be controverted. But it is insisted that the partition of the real estate was illegal, and void, as against the two minor heirs, on the ground that the commissioners liad no power, under the circumstances, to make an unequal partition of the real estate; that the value of the equal share of the minors in the lands was $1765.33, and the value of the share laid off to them, was only $626.00 — falling below the value of their share the sum of $1139.33. And it is insisted that the complainants are entitled to take from the defendant, as the next of kin, a portion of the slaves assigned to said minors, or the value in money, equal to the deficit of $1139.33, in the value of the land allotted to them.
The draftsman of the bill seems to have been at a loss for some legal ground on which to base this claim, and this difficulty was no less felt in the argument.
It seems to be thought, however, that the bill may be maintained on the ground, that the partition, being illegal, was not a conversion of the real estate of the infants ; and that the slaves assigned to them, instead of land, are to be treated as impressed with the character of real estate, and must, therefore, descend, as such, to the complainants, as the heirs at law.
This reasoning is not very intelligible to .us; and it is not necessary that we should trouble ourselves in trying to comprehend it. In our view, there is no foundation for the relief sought by the bill.
The minors, if living, might well be heard to complain of the partition; because, even under the act of 1854, ch. 48, sec. 4, no case is made out for an unequal division of the land; and because, being infants, they would not, under the circumstances, be bound by the assent of their guardian to the proceedings. But it does not lie in the mouths of the complainants, to object to the partition ; it was made in exact conformity to their wishes; in the very manner in which they asked to have it made; and it was'so made as, in its *695 results, to do full justice, perhaps more than justice, to them— as between them and the infants. The complainants are, therefore, concluded by it. To permit them to disturb the partition, after the death of the infants, would scarcely be allowable for any purpose ; and least of all, for the purpose of enabling them to perpetrate a gross fraud upon the rights of the next of kin of the deceased infants. It matters not that one of the complainants is a feme covert — fraud is not among the privileges of that class of persons.
Decree affirmed, with costs.